PER CURIAM.
These interlocutory appeals are by the defendants below from an order of the trial court relieving a plaintiff mortgagor of the requirement to make the stipulated monthly payments on a purchase money mortgage, pending trial of issues as to whether the plaintiffs are entitled under a separate contract to credit against the mortgage indebtedness the damages resulting to plaintiffs from alleged failure of defendants to complete contracted for improvements on the property involved.
Plaintiffs filed a complaint alleging a contract between the plaintiff Poultry, Inc. and the defendants for purchase from the latter of all of the corporate stock of the plaintiff corporation Atlantic Cold Storage Corp., and for purchase of certain described real estate upon which there was being constructed an improvement consisting of a cold storage plant; that by a separate agreement the defendants had guaranteed compliance respecting the improvements; that the defendants had breached the sale *454 contract in that the improvements had not been completed and contained defects; that plaintiffs had expended $100,000 in an effort to complete the improvements and correct the defects. It was alleged in the complaint the plaintiffs’ claim that the contracted for improvements were not complete and were defective had been denied by the defendants and was in dispute.
The real estate was encumbered by a purchase money second mortgage in a principal amount exceeding $300,000, payable in monthly installments of $15,286.82, which mortgage had been made by plaintiff Atlantic Cold Storage Corp. to defendant Itvenus Development & Industrial Corp., and was held by defendant Benjamin C. Cohen, by assignment from the mortgagee.
In their complaint the plaintiffs offered to deposit in the office of the clerk of the circuit court the monthly mortgage payments which should become due during the pendency of the cause, unless the need to make or deposit such payments should be suspended or other disposition thereof made by the court.
With the complaint, which was filed on April 2, 1970, the plaintiffs deposited in the office of the clerk of the circuit court the monthly mortgage payment which had fallen due March 15, 1970. The complaint prayed for damages for breach of contract, for reformation of the deed to correct the description, and for certain relief pendente lite, namely, to have the mortgage payments suspended and for the defendants, as guarantors, to be required to post a bond for the amount of damages claimed.
An application by plaintiffs for such relief pendente lite was heard on April 9, 1970, on the unsworn complaint, and on arguments and statements of counsel and an unsworn statement of one of the defendants. No sworn testimony was presented. On April 10, 1970, the trial court entered the order which is the subject of the interlocutory appeal taken by the defendants, No. 70-509. That order provided that payment of the monthly mortgage payments maturing after the one which had been deposited in court was thereby suspended until further order of the court. The plaintiffs’ application for the defendants (guarantors) to be required to post bond was denied.
Thereafter, on May 2, 1970, an answer was filed by the defendant Benjamin C. Cohen averring he was the holder by assignment of the note and mortgage in question; that prior to acquiring the mortgage by assignment for consideration he had secured an estoppel letter from the plaintiff Atlantic Cold Storage Corp., certifying the mortgage to be a valid second lien on the property involved, with no reference therein having been made to the existence of the separate agreement, of which he had been without notice, and under which plaintiffs claimed the right to set off damages against the mortgage indebtedness; and that by reason thereof, as to him, the note and mortgage as held by the defendant Cohen, although not negotiable, were not subject to the terms of the separate contract.
Based thereon the defendant Cohen filed a motion seeking to have the court terminate the order suspending the mortgage payments. The motion was denied. Appeal No. 70-599 was filed by Cohen from that order.
Appellants contend, and we agree, that the order suspending payments under the mortgage, although not framed in the form of an injunction, operated as an injunctive order inasmuch as it had the effect of preventing the holder of the mortgage from declaring a default for nonpayment of the monthly installments and from enforcing rights for nonpayment of installments maturing under the note and mortgage according to their terms. Appellants contend that the entry of such order, injunctive in nature and effect, on an unverified complaint and not supported by any sworn testimony was error, and that it was improper to grant such injunctive order without plaintiffs being required to post a bond. See Rule 1.610 *455 (b) Rules of Civil Procedure, 31 F.S.A. The appellant Cohen contends additionally that for the reasons set out in his answer the provisions of the separate contract, under which the plaintiff-appellees claim, afforded no basis for suspending the payments to which he is entitled as the holder by assignment of the note and mortgage in question.
The plaintiffs-appellees argue that the action of the court in relieving them of the need to make the monthly mortgage payments was justified and proper because it would constitute a financial hardship upon them to make those payments pendente lite in view of their outlay for the completion and repair of the improvements.
Upon considering those arguments we hold that the challenged orders of the trial court constituted error. The plaintiffs presented no legally sufficient basis upon which to relieve the mortgagor of its contract obligation under the note and mortgage to make monthly payments as called for thereunder, or at the least from requiring that such payments be deposited in court.
The claim of the mortgagor that payment of the monthly payments as contracted for would result in financial hardship was no sufficient reason in law to relieve the mortgagor of its contract obligation, pendente lite. See Morris v. Waite, 119 Fla. 3, 160 So. 516; Campbell v. Werner, Fla.App.1970, 232 So.2d 252. Nor did the provision of the separate contract allowing plaintiffs to apply against the mortgage indebtedness the damages they might become entitled to for breach of the contract constitute a legally sufficient reason to suspend the mortgage payments pendente lite. The separate contract did not provide for suspension of payments under the mortgage upon the making of a claim for such damages by the plaintiffs, or during a period in which such a claim for damages might be in litigation. The size of the mortgage indebtedness was sufficient for the plaintiffs to have protection for their damages, by applying the amount thereof against the remaining mortgage indebtedness when and if their right to damages should finally be determined. In the circumstances of the case, the monthly mortgage payments should have been required to be deposited in the office of the clerk of the court, in accordance with the plaintiffs’ offer to do so, as made in their complaint.
Accordingly, the orders appealed from are reversed, and the cause is remanded with directions that the order relating to monthly mortgage payments be amended to require, as an alternative to payment thereof to the mortgage holder pendente lite, the deposit in the office of the clerk of the circuit court, within such time as the court shall fix, of the monthly payments which have become due under the note and mortgage subsequent to the monthly payment of March 15, 1970, which was deposited in court, and to so deposit such monthly mortgage payments as they become due pending final determination of the cause, or until further order of the trial court.
Reversed and remanded with directions.