281 So.2d 361 (1973)
Robin Hood BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 73-440.
District Court of Appeal of Florida, Second District.
August 15, 1973.
James A. Gardner, Public Defender, Sarasota, and Thomas A. Capelle, Asst. Public Defender, Tampa, for appellant.

ON PETITION TO REVIEW ORDER DENYING SUPERSEDEAS BOND
MANN, Chief Judge.
Bell, adjudicated indigent and represented at trial and on appeal by the Public Defender, applied for bail pending appeal. The trial judge's order reads as follows:
"THIS CAUSE coming on to be heard upon Defendant's Motion for Supersedeas Bond, the Court having heard the argument of counsel, and being otherwise fully advised in the premises, finds as follows:
"1. Defendant was found to be indigent and the Public Defender was appointed to represent him in this cause.
"2. Defendant has executed an Affidavit of Insolvency for purposes of appeal in this case, and the Public Defender has been appointed to represent him on said appeal. It is therefore:
"ORDERED AND ADJUDGED that should the Defendant reimburse the State of Florida for all costs and monies expended for the preparation of the transcript of the record in his jury trial, the Public Defender fees as ordered by the Court, the costs of his trial, the filing fee for his appeal in the Second District Court of Appeal, and should the Defendant show to the Court that he has retained a private attorney to prosecute his appeal and is now solvent, the matter of a Supersedeas Bond will be considered by the Court. Otherwise, Defendant's Motion for a Supersedeas Bond be and the same is hereby denied."
The effect of the order is to impose upon Bell a condition previously determined to be impossible as a condition to access to the court for consideration of his entitlement to bail, which might take the form of release on his own recognizance or arguably some other arrangement for security which he might procure but which would not defeat his entitlement to the services of the Public Defender. We recognize the difficulties inherent in the question whether *362 an indigent might be entitled to release pending appeal, but the action of the trial court in this instance forecloses the matter before the merits can be heard. This is a violation of Section 21 of the Declaration of Rights of the Florida Constitution, F.S.A., which provides that "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." To require of Bell that he perform an impossible burden before his petition is considered in the light of Younghans v. State, Fla. 1956, 90 So.2d 308, as required by Rule 6.15 F.A.R., 32 F.S.A., is impermissible. The order is therefore vacated and the matter remanded. See Annotations, 19 A.L.R. 807; 77 A.L.R. 1235; 1 L.Ed.2d 1564; 8 A.L.R.Fed. 586; Bandy v. United States, 1960, 81 S.Ct. 197, 5 L.Ed.2d 218 (per Douglas, J., as Circuit Justice); Comment, 21 U.Fla.L.Rev. 117; 8A Moore, Federal Practice §§ 46.02-46.10.
LILES and BOARDMAN, JJ., concur.