308 So.2d 124 (1975)
HILLTOP RANCH, INC., a Florida Corporation, Appellant,
v.
John P. BROWN, Tax Assessor, et al., Appellees.
No. V-169.
District Court of Appeal of Florida, First District.
February 25, 1975.
Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellant.
J. Terrell Williams of Lewis & Lewis, C. Graham Carothers of Ausley, McMullen, McGehee, Carothers & Proctor, F.E. Steinmeyer, III, of Folsom & Steinmeyer, and Peter Guarisco, Tallahassee, for appellee.
JOHNSON, Judge.
Appellant seeks reversal of the trial court's order dismissing with prejudice its amended complaint challenging a tax assessment for the reason that said complaint did not show a compliance with F.S. § 194.171.
Essentially, this appeal involves one question: Must a taxpayer suffer denial of access to the courts for failure to pay his taxes within 60 days of the certification of the tax roll for collection?
The portions of F.S. § 194.171 applicable to this case are as follows:
"(2) No action shall be brought to contest a tax assessment after 60 days *125 from the date the assessment roll is certified for collection under section 193.133(2).
"(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
"(4) No action to contest a tax assessment may be maintained unless all taxes on the property which the taxpayer in good faith admits to be owing, including taxes assessed in years after the action is brought, are paid before they become delinquent." (Emphasis supplied.)
The facts essential to a disposition of this case are that although appellant requested agricultural assessment of its 126.6 acres of real property, 20 acres thereof were assessed at a commercial rate for the calendar year 1972. Appellant petitioned for review, but relief was denied by the Leon County Board of Tax Adjustment. Certification of the tax roll for collection occurred on October 1, 1972. On November 10, 1972, appellant filed a complaint for declaratory judgment requesting relief as to the denial of agricultural assessment on the 20 acres. Paragraph 18 of the complaint alleged that "there are no taxes owing on the property in question at this time for the reason that plaintiff is not required by law to pay said taxes until March 31, 1973 ..." The various appellees herein then moved to dismiss the complaint because appellant failed to allege that it paid the amount of the tax which it admits in good faith to be owing and failed to file the receipt with the complaint in accordance with § 194.171, F.S. A hearing on said motions was set for March 7, 1973. On January 30, 1973, appellant paid to the Tax Collector the portion of the taxes here in dispute and received a discount of $12.10 for early payment. On February 21, 1973, appellant filed an amended complaint for declaratory judgment reciting the payment of taxes as aforesaid and attached to said amended complaint the receipt for such payment. Appellees again moved to dismiss upon the same ground  that appellant failed to pay the taxes owing within 60 days from the date the Assessor's Roll was certified for collection. On January 23, 1974, the trial court entered its order granting appellees' motions to dismiss and the appellant's amended complaint was dismissed with prejudice.
To reiterate the question now before us, must the payment required by F.S. § 194.171(3) be made within the 60 day limitation period provided by F.S. § 194.171(2) and is this a jurisdictional prerequisite? If the answers be in the affirmative, we note as dictum our concern with the constitutionality of subsection (3) and its apparent conflict with subsection (4). Subsection (3) appears to require the payment of the taxes prior to the filing of the complaint (which would have to be within 60 days of the certification of the assessment roll), thus requiring a contestant, in order to have access to the courts, to pay his taxes four months before any other citizen is compelled to pay. On the other hand, subsection (4) of the same statute only requires that the taxes be paid before they become delinquent in order for the suit to be maintained. Additionally, Article VII, § 13 of the Florida Constitution, F.S.A., provides that the courts may not grant relief from the payment of taxes until the payment of legally assessed taxes has been made. It does not bar access to the court until payment has been made.
We note also that these questions were decided negatively by the Florida Supreme Court in Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964), which held that the requirement of paying the taxes is met if the tender is made prior to the granting of any relief rather than simultaneously with the filing of the complaint. It was concluded in that case that the Legislature never intended *126 that the payment of taxes be a jurisdictional prerequisite that must be made during the 60 day period allowed for the filing of the complaint. Admittedly, that case was decided prior to the 1972 amendments to § 194.171, which amendments, particularly subsection (3), do appear to require as a prerequisite to filing suit the payment of the tax to the collector.
In any event, we do not deem it necessary to decide these issues under the particular facts of this case. Here, the original complaint was filed within the 60 days required by F.S. § 194.171(2). Although appellant did not originally pay the taxes prior to the filing of its complaint, it did, prior to the ruling on appellees' motions to dismiss, pay the taxes and then filed an amended complaint. It is our opinion, and we so hold, that the relation back of amendments provisions of Civil Procedure Rule 1.190(c) is applicable in this case, and that the trial court erred in not finding that the amended complaint, containing the allegation of payment and receipt therefor, related back to the date of the original complaint. See In re Estate of Wood, 271 So.2d 42 (Fla.App. 3rd, 1972), opinion affirmed and adopted by Florida Supreme Court in 278 So.2d 614 (Fla. 1973). Thus, even if we were to hold that the payment of the taxes within the 60 days allowed for filing a complaint were a jurisdictional prerequisite, which we decline to do at this time, we find that appellant complied with the requirement when it filed its amended complaint which related back to the time of filing the original complaint.
Accordingly, the order dismissing appellant's complaint with prejudice is reversed and this cause is remanded for reinstatement of the amended complaint and further proceedings thereon.
Reversed and remanded.
RAWLS, C.J., and MASON, ERNEST E., Associate Judge, concur.