332 So.2d 681 (1976)
E.L. BROOKS, Property Appraiser for Putnam County, Florida, Appellant,
v.
INTERLACHEN LAKES ESTATES, INC., et al., Appellees.
No. BB-222.
District Court of Appeal of Florida, First District.
May 18, 1976.
William L. Townsend, Jr., Walton & Townsend, Palatka, for appellant.
Edward E. Hedstrom, Dowda, Hedstrom & Fields, and Ronald E. Clark, Palatka, for appellees.
McCORD, Judge.
This is an interlocutory appeal from an order denying appellant's motion to dismiss appellees' complaint without leave to amend. The court dismissed the complaint but with leave to amend. Appellant contends the court lacked jurisdiction over the subject matter and parties, and therefore the complaint should have been dismissed without leave to amend.
Pursuant to § 194.171, Florida Statutes, appellees filed a complaint within the 60 day period allowed by that statute seeking review of ad valorem tax assessments on their property. Appellant property appraiser moved to dismiss the complaint without leave to amend on the ground that the court lacked jurisdiction as aforesaid in that appellees had failed to pay the tax and obtain a receipt as a prerequisite to filing suit as required by § 194.171(3) which provides as follows:
"(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint."
A hearing on the property appraiser's motion to dismiss was set for February 9, 1976. On that same date, appellee tendered to the tax collector the sum of $170,012.94 as the amount of taxes which it, in good faith, admitted to be owing. The tax collector refused to give appellee a receipt or to deposit the monies in the general revenue fund stating in an acknowledgement of tender that the amount of taxes had substantially increased since December as the December discount no longer *682 applied. He placed the monies in an escrow account. The court entered the order here appealed from dismissing the complaint with leave to amend.
The tax collector was in error in refusing to give appellee a receipt for payment of the taxes which appellee in good faith admitted owing. The amount paid by appellee was the full amount of such taxes without deducting any discount therefrom.
This case is controlled by this court's previous opinion in Hilltop Ranch, Inc. v. Brown, Fla.App. (1st), 308 So.2d 124 (1975). There the same question was before the court, the only difference being that in Hilltop the taxpayer paid the taxes and filed an amended complaint before the hearing on motion to dismiss his original complaint. There the court said:
"... Although appellant did not originally pay the taxes prior to the filing of its complaint, it did, prior to the ruling on appellees' motions to dismiss, pay the taxes and then filed an amended complaint. It is our opinion, and we so hold, that the relation back of amendments provisions of Civil Procedure Rule 1.190(c) is applicable in this case, and that the trial court erred in not finding that the amended complaint, containing the allegation of payment and receipt therefor, related back to the date of the original complaint. See In Re Estate of Wood, 271 So.2d 42 (Fla.App. 3rd, 1972), opinion affirmed and adopted by Florida Supreme Court in 278 So.2d 614 (Fla. 1973). Thus, even if we were to hold that the payment of the taxes within the 60 days allowed for filing a complaint were a jurisdictional prerequisite, which we decline to do at this time, we find that appellant complied with the requirement when it filed its amended complaint which related back to the time of filing the original complaint."
The circumstance in the case sub judice that an amended complaint was not filed prior to hearing on the motion to dismiss is not a material distinction between this case and Hilltop. The trial court was correct in dismissing with leave to amend. When an amended complaint is filed, it will relate back to the time of filing the original complaint.
Affirmed.
BOYER, C.J., and MILLS, J., concur.