340 So.2d 1276 (1977)
MILLSTREAM CORPORATION, a Florida Corporation, Appellant,
v.
DADE COUNTY, Etc., et al., Appellees.
No. 75-1815.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Mahoney, Hadlow, Chambers & Adams and Thomas C. Cobb, Miami, and William Hyatt, Jacksonville, for appellant.
Stuart L. Simon, County Atty. and Robert L. Krawcheck, Asst. County Atty., for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by the Millstream Corporation, plaintiff below, from an order granting the defendant County's motion to dismiss. Millstream had sought to have certain County tax assessments declared void and to have collection of ad valorem taxes on its property enjoined pending a determination as to whether plaintiff's property should have been classified as agricultural lands.
Dade County moved to dismiss Millstream's complaint, citing the latter's failure to comply with Florida Statutes § 194.171(3) & (4) (Supp. 1976), which require a taxpayer to pay those taxes which are admittedly owing as a prerequisite to suit:
"194.171 Circuit court to have original jurisdiction in tax cases

* * * * * *
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of *1277 the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
(4) No action to contest a tax assessment may be maintained unless all taxes on the property which the taxpayer in good faith admits to be owing, including taxes assessed in years after the action is brought, are paid before they become delinquent."
Since Millstream had not paid those taxes which it owed regardless of the resolution of the classification issue, the trial court dismissed its complaint for failure to comply with the quoted sections of Florida Statutes.
Millstream's primary contention on appeal is that the subject sections of Florida Statutes do not impose a jurisdictional prerequisite to suit. Instead, Millstream argues that the payment of taxes which are admittedly owing is only a prerequisite to the granting of relief.
This issue is not new to Florida law. In Collins Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964), the Supreme Court of Florida held that the payment of taxes admittedly owing was not a jurisdictional prerequisite to the maintenance of a suit challenging an allegedly excessive assessment. However, in Adler-Built Industries, Inc. v. Metropolitan Dade County, 231 So.2d 197 (Fla. 1970), the court noted that the Legislature had amended Florida Statutes § 196.01  the predecessor to § 194.171  in order to overcome the holding of the Collins case:
"It is noteworthy that in ... Ch. 69-140, Acts of 1969, [the Legislature] amended § 196.01 so as to require, as a jurisdictional prerequisite, the payment into court of the amount of the tax admitted to be legal and due. This must have been done in recognition of, and with an intention to change, the ruling made in the Collins Investment Co. case, . .. that such payment was not required to be made as a prerequisite to filing suit under § 196.01 to contest a tax assessment." Id. at 199.
Millstream contends that the Adler-Built case is distinguishable, since it involved a grossly excessive assessment which was otherwise valid, whereas Millstream is challenging the classification of its property and thus the validity of the entire assessment. This argument cannot prevail, for the plaintiff here would have been responsible for some amount of taxes on its land regardless of the outcome of its suit challenging the County's failure to classify its land as agricultural. Millstream's amended complaint virtually parallels the essential facts of the Adler-Built case:
"7... . Plaintiff ... does not possess any ground for objecting to any of the said assessments other than the fact that Plaintiff believes itself entitled to have each of the said parcels classified and assessed as agricultural property.
* * * * * *
11. The failure of the defendants to afford to the Plaintiff an effective opportunity to show that the aforesaid parcels have at all material times been used for bona fide agricultural purposes has resulted and will continue to result in the imposition upon the Plaintiff of the obligation to pay ad valorem taxes on the properties in question greatly in excess of the amount of taxes for which Plaintiff would be liable had such properties been classified as agricultural lands." (Emphasis added.)
We should note that the case before us is distinguishable from several similar situations which have been considered by the First District Court of Appeal. In the first, Hilltop Ranch, Inc. v. Brown, 308 So.2d 124 (Fla. 1st DCA 1975), the First District held that an amended complaint containing an allegation of payment of the taxes admittedly owing and a receipt therefor related back to the date of the original complaint. In a subsequent case, Brooks v. Interlachen Lakes Estates, Inc., 332 So.2d 681 (Fla. 1st DCA 1976), the First District sustained a dismissal with leave to amend where the *1278 plaintiff had tendered the amount which it admittedly owed to the tax collector on the day of the hearing on the property appraiser's motion to dismiss.
Although the court in Hilltop Ranch raised certain constitutional questions concerning the validity of § 194.171(3), it never actually reached the question of payment as a jurisdictional prerequisite to suit; nor was that particular question resolved in the Brooks case. In both instances, payment had either been made or tendered prior to any ruling on the motions to dismiss.
Such is not the case in the action now before us. There is no allegation that tender of payment was made prior to the ruling on the motion to dismiss, or at any time before the taxes became delinquent. For these reasons, we find that the decisions in the Hilltop Ranch and Brooks cases are not controlling in this instance.
Millstream also asserts that the trial court's dismissal denied it procedural due process, relying primarily on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). However, appellant's position in this regard is not well founded. Boddie and several subsequent cases decided by the United States Supreme Court[1] concerned the payment of certain court costs by parties who alleged an inability to pay the required fees and were thus denied access to the courts. Millstream alleges no such inability to pay and, in fact, is only required by statute to pay what it in good faith admitted to be owing. The Boddie opinion carefully noted that due process does not require that parties must always be given a hearing on the merits in a civil matter. Rather, the Constitution requires that complaining parties be given a meaningful opportunity to be heard. Boddie, 401 U.S. at 378-79, 91 S.Ct. 780. The appellant in this action had such an opportunity, and it was only through its failure even to tender payment of those taxes which were admittedly owing that it was deprived of a hearing. There is little doubt that the State may validly impose such a requirement. Were it not so, it would be an easy matter to avoid paying legitimate taxes simply by challenging one facet of an otherwise valid assessment.
We therefore find that the trial court properly dismissed the complaint due to Millstream's failure to comply with Florida Statutes § 194.171(3) & (4).
Affirmed.
NOTES
[1] See United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).