DAUKSCH, Judge.
For our determination in this Interlocutory Appeal is an Order of the trial court denying the dismissal of a Complaint for equitable relief. Specifically the Plaintiff/Appellee seeks to have an assessment declared void alleging that the Property Appraiser, the Appellant here, arbitrarily discriminated against her in his assessment of her real property for the year 1974. Our jurisdiction is thru Fla.App. Rule 4.2 as this matter is one formerly cognizable in equity. Dade County Land Development Corp. v. Dade County, 157 So.2d 142 (Fla. 3d DCA 1963); Section 196.01, Florida Statutes (1967).
The Order denying the dismissal of the Complaint properly sets out that there are factual issues to be decided regarding the alleged improper assessment but as a part of the pleadings it is obvious that the Plaintiff failed to comply with Section 194.171(3) and (4), Florida Statutes (1975) in that she failed to tender to the Tax Collector the amount she admitted in good faith to be owing prior to instituting the lawsuit and before the payment of the taxes became delinquent. Therefore the court should have granted the Motion of the Tax Assessor to dismiss the Complaint. It was alleged that the Appellee tendered to the Appellant the amount she in good faith admitted owing on April 14, 1975. Under Section 197.016, Florida Statutes (1975) these taxes became delinquent on April 1, *662 1975. Section 194.171(3) and (4), Florida Statutes (1975) says that before an actión to contest a tax assessment may be brought the taxpayer must pay to the collector the amount the taxpayer admits in good, faith to be owing. The Tax Collector must issue a receipt for the payment and the taxpayer must file the receipt with his Complaint. The tender müst be made before the taxes become delinquent. Adler-Built Industries, Inc. v. Metropolitan Dade Co., 231 So.2d 197, 199 (Fla.1970); Blake v. R. M. S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977); Millstream Corp. v. Dade County, 340 So.2d 1276 (Fla. 3d DCA 1977); Brooks v. Interlachen Lakes Estates, Inc., 332 So.2d 681 (Fla. 1st DCA 1976).
Therefore the Order denying the dismissal of the Complaint is reversed and this cause is remanded with directions to dismiss the Complaint.
REVERSED and REMANDED with direction.
MAGER, C. J., and ALDERMAN, J., concur.