BOARDMAN, Judge.
In this consolidated appeal, appellants Manasota Burial Parks, Inc. and Manasota Memorial Park, Inc. appeal the trial court’s orders granting with prejudice the motions to dismiss appellee Sam Cornwell, tax collector of Manatee County, as a party defendant.
Initially appellants jointly brought suit to contest the 1981 tax assessment of their various real and personal property. The tax rolls for 1981 were certified for collection on December 1, 1981. Pursuant to the provisions of section 194.171, Florida Statutes (1981),[1] appellants paid the taxes due, under protest, and filed the original complaint on January 29, 1982.
Over a year later, after appellants amended their complaint without adding the tax collector as a defendant, the trial court entered an order severing appellants and their claims.
Thereafter, appellants filed separate complaints naming appellee Cornwell as a party defendant. In each cause, Cornwell filed a motion to dismiss the complaint as to him alleging appellants had failed to comply with the requirements of section 194.171, Florida Statutes (1981). As previously noted, appellants appeal the trial court’s orders granting the motions to dismiss.
*481 We reverse both orders of the trial court because we believe the judges were under the mistaken impression that they lacked jurisdiction to permit the addition of appel-lee Cornwell as a party defendant.
The record clearly shows that appellants filed the original suit within the requisite sixty-day period of section 194.-171(2). Therefore, the trial court had jurisdiction of the subject matter under the rationale of Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977), and it was not essential to jurisdiction that the tax collector be joined at the outset of the case. Cf. McNayr v. Cranbrook Investments, Inc., 158 So.2d 129 (Fla.1963) (involving the interpretation of section 196.14, Florida Statutes, repealed 1969) and former section 192.21, Florida Statutes (1963). Appellants also paid the taxes due before bringing suit, thereby complying with the other jurisdictional requirement of the statute. Reid v. Lucom, 349 So.2d 661 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 132 (Fla.), cert. denied, 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978); Millstream Corp. v. Dade County, 340 So.2d 1276 (Fla. 3d DCA 1977).
Pursuant to our holding that the trial court does have jurisdiction, we remand each case in order that the trial judges may, after a proper hearing, exercise their discretionary authority to allow the addition of appellee Cornwell as a party defendant. McNayr v. Cranbrook Investments, Inc., supra. In the event the judges permit the addition of Cornwell as a party defendant, the amendment will relate back to the date the original complaint was filed. Fla.R.Civ.P. 1.190(c),[2] McNayr v. Cranbrook Investments, Inc., supra. See also Hilltop Ranch, Inc. v. Brown, 308 So.2d 124 (Fla. 3d DCA 1975).
REVERSED and REMANDED with instructions consistent with this opinion.
HOBSON, A.C.J., and SCHOONOVER, J., concur.

. Section 194.171, Florida Statutes (1981) states in pertinent part:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
(4) No action to contest a tax assessment may be maintained unless all taxes on the property which the taxpayer in good faith admits to be owing, including taxes assessed in years after the action is brought, are paid before they become delinquent.
(5) Pending actions to contest tax assessments shall be dismissed unless the taxpayer shall have paid to the collector all taxes on the property which he in good faith admits to be owing, including taxes assessed in years after the action is brought.

. (c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.