OTT, Chief Judge.
Harlton Cowart appeals from the grant of appellees’ motions to dismiss his amended complaint to contest a real property tax assessment. We reverse and remand for further proceedings.
Appellant applied for an agricultural use classification of certain property for the 1982 tax year. The application was denied. Certification of the tax roll occurred on December 13, 1982.
On February 9,1983, within sixty days of certification of the tax roll, appellant filed a suit in Manatee County Circuit Court challenging denial of the agricultural use classification request and resulting tax assessment. Appellees filed motions to dismiss, asserting that the court lacked jurisdiction to hear the suit because appellant failed to pay the tax collector the amount of tax which he admitted in good faith to be owing prior to bringing the circuit court action and failed to file a receipt from the tax collector with the complaint. See § 194.-171(3), Fla.Stat. (Supp.1982).[1] Appellant paid taxes on the real estate in question on March 17, 1983, prior to the taxes becom *655 ing delinquent. A hearing on the motions to dismiss was held on April 18, 1983. On April 22, 1983, the trial court granted ap-pellees’ motions to dismiss the original complaint and allowed appellant two weeks to amend his complaint. Appellant filed an amended complaint on April 28, 1983, attaching the tax payment receipt. Appel-lees’ motions to dismiss were renewed and granted as final judgments on the ground that the amended complaint was not filed within sixty days of certification of the tax roll. See § 194.171(2), Fla.Stat. (Supp. 1982).
Appellant contends that the amended complaint was not untimely filed, as it related back to the original complaint which was filed within the sixty-day period provided in section 194.171(2).[2] In support, he cites Hilltop Ranch, Inc. v. Brown, 308 So.2d 124 (Fla. 1st DCA 1975), and Brooks v. Interlachen Lakes Estates, Inc., 332 So.2d 681 (Fla. 1st DCA 1976).
In Hilltop Ranch, the court was asked whether the payment required by section 194.171(3) must be made within the sixty-day period contained in section 194.171(2) and whether such payment was a jurisdictional prerequisite. The court stated:
Here, the original complaint was filed within the 60 days required by F.S. § 194.171(2). Although appellant did not originally pay the taxes prior to the filing of its complaint, it did, prior to the ruling on appellees’ motion to dismiss, pay the taxes and then filed an amended complaint. It is our opinion, and we so hold, that the relation back of amendments provisions of Civil Procedure Rule 1.190(c) is applicable in this case, and that the trial court erred in not finding that the amended complaint, containing the allegation of payment and receipt therefor, related back to the date of the original complaint. See In re Estate of Wood, 271 So.2d 42 (Fla.App. 3rd, 1972), opinion affirmed and adopted by Florida Supreme Court in 278 So.2d 614 (Fla.1973). Thus, even if we were to hold that the payment of the taxes within the 60 days allowed for filing a complaint were a jurisdictional prerequisite, which we decline to do at this time, we find that appellant complied with the requirement when it filed its amended complaint which related back to the time of filing the original complaint.
308 So.2d at 126.
In Brooks, the taxpayers filed their complaint challenging tax assessments within sixty days of certification of the tax roll without a receipt indicating a good faith tax payment. The property appraiser moved to dismiss the complaint without leave to amend. On the date of the hearing on the motion to dismiss, the taxpayers tendered payment of the taxes to the tax collector who refused to issue a receipt on the ground that the amount owed had increased. The trial court denied the motion to dismiss. In an interlocutory appeal, the property appraiser sought to reverse the trial court’s denial of his motion to dismiss without leave to amend. On appeal, the First District Court of Appeal affirmed the trial court’s ruling, citing Hilltop and finding no material distinction between the cases regardless of the fact that no amended complaint had been filed prior to the hearing on the motion to dismiss. The court stated that the amended complaint, when filed, would relate back to the date of the original complaint.
We find the rationale of Hilltop and Brooks persuasive.[3] Accordingly, we hold that appellant’s amended complaint, which included a receipt for his good faith pay *656 ment of taxes due, related back to the time that the original complaint was filed and was, therefore, timely filed. The trial court erred in granting appellees’ motions to dismiss the amended complaint.[4]
REVERSED and REMANDED for further proceedings.
DANAHY and CAMPBELL, JJ., concur.

. Section 194.171, Florida Statutes (Supp.1982), provides in pertinent part, as follows:
(2) No action shall be brought to contest a tax assessment after sixty days from the date the assessment being contested is certified for collection under s. 193.122(2).
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint. •
*655 (4) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, arc paid before they become delinquent.

. The sixty-day period contained in section 194.-171(2) is a jurisdictional statute of nonclaim rather than a statute of limitations. Coe v. ITT Community Development Corp., 362 So.2d 8 (Fla.1978).

. Millstream Corp. v. Dade County, 340 So.2d 1276 (Fla. 3d DCA 1977), relied upon by appel-lees, is distinguishable. In that case, a taxpayer’s complaint was dismissed for failure to comply with section 194.171(3) and (4). However, there was no allegation that tender of payment *656 was made prior to the ruling on the motion to dismiss or at any time before the taxes became delinquent. 340 So.2d at 1278.

. Section 194.171, Florida Statutes (Supp.1982), was revised by chapter 83-204, section 7, Laws of Florida. The statute now provides in pertinent part, as follows:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning said assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.0134.
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right of a taxpayer to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of cases where the taxpayer has failed to comply with the requirements of subsection (5).
With full realization that any comment we make on the effect of the recent amendment to controversies similar to those involved in the case at bar will constitute obiter dictum, we nonetheless caution the practitioner against further reliance on the relation back doctrine after the effective date of the amendment in light of subsection (6) of the amendment, which provides that the requirements of subsection (3) are jurisdictional.