PER CURIAM.
This is a petition for writ of prohibition, or alternatively, for writ of certiorari, to review an order which denied the petitioners’ motion to dismiss for lack of jurisdiction. Prohibition is the correct remedy. MacDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987). For the reasons stated below, we grant the petition and remand to the trial court with directions to dismiss the complaint with prejudice.
On February 8, 1988, the Feinsteins filed a complaint, pursuant to section 194.171, Florida Statutes (1987), against the petitioners contesting an assessment of ad va-lorem taxes. The complaint alleged that a “good faith” payment of taxes which the Feinsteins admitted to be owing had been paid “in accordance with § 704.71, Fla. Stat. [sic].” The Feinsteins later stated that the payment was actually made pursuant to section 194.171. Attached to the complaint was a copy of the transmittal letter, which was dated February 5, 1988, and sent to Mr. Wilkinson, the Lee County Property Appraiser. The complaint further alleged that the Feinsteins had not received a receipt for the payment, but would file a copy when acquired.
On March 7, 1988, the petitioners filed a motion to dismiss the complaint for failure to comply with section 194.171(6), which made the payment of the taxes and attachment of the receipt a jurisdictional prerequisite to the filing of a complaint under that statute. The Feinsteins later filed a “certificate of filing,” dated March 11, 1988, in which they asserted that the February 5 payment “appears to have been missent or lost,” and that another check had been sent to the tax collector. On March 28, 1988, after the petitioners refused to accept the second check, the trial court ordered the tax collector to accept the payment and to issue a receipt, and granted the Feinsteins’ motion to file an amended complaint.
After a hearing on the petitioners’ motion to dismiss, the trial court entered an order finding that the Feinsteins had made the good faith payment and had filed the receipt before the taxes became delinquent, and that their amended complaint related back to February 8, 1988, the date of the filing of the original complaint. Accordingly, the trial court denied the petitioners’ motion to dismiss for lack of jurisdiction.
Section 194.171, which pertains to judicial review of tax cases, provides in pertinent part:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.-122(2), or after 60 days from the date a *143 decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.323.
(3) Before a tax payer may bring an action to contest a tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
[[Image here]]
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
The petitioners contend that the trial court erred in applying the “relation back” doctrine to determine that it had jurisdiction of the present action. We agree.
Prior to the legislature’s addition of subsection (6) to section 194.171, see ch. 83-204, Laws of Fla., courts of this state had applied the relation back doctrine to allow amendments to complaints that were not technically in compliance with the statute. See Cowart v. Perkins, 445 So.2d 654 (Fla. 2d DCA 1984); Hilltop Ranch, Inc. v. Brown, 308 So.2d 124 (Fla. 1st DCA 1975). Nevertheless, this court in Cowart, albeit in dicta, “caution[ed] the practitioner against further reliance on the relation back doctrine after the effective date of ... subsection (6) of the amendment, which provides that the requirements of subsection (3) are jurisdictional.” 445 So.2d at 656 n. 4.
Our supreme court has held that dismissals of complaints that have not complied with subsections (2) and (5) were proper given the “plain meaning” of subsection (6). Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988); Bystrom v. Diaz, 514 So.2d 1072 (Fla.1987). Under facts similar to the facts of the present case, the fourth district has held that failure to make the good faith payment to the tax collector, as required by subsection (3), until fifteen days after the complaint was filed warranted dismissal of the complaint. See Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985). In that ease the court reasoned that at the time the payment was made, “the action was legally dead for lack of jurisdiction; the late tender could not breathe life back into the action, even if we were to construe the statute so as to permit tender of payment, and refusal of tender, to be the equivalent of actual payment for the purpose of deciding a motion to dismiss.” Id. at 931.
We can ascertain no meaningful distinction between failure to comply with subsections (2) and (5) and subsection (3), and hold, consistent with Markham, Bystrom, and Clark, that failure to comply with subsection (3) requires dismissal of the Feinsteins’ complaint. Although the trial court found that the taxes in the present case had not become delinquent, that finding is not dispositive because the complaint failed initially to comply with subsection (3) which requires good faith payment of the taxes assessed before the complaint is filed. Delinquency of taxes becomes relevant, pursuant to subsection (5), only after the complaint has been filed and additional taxes become due.
Accordingly, we grant the petition for writ of prohibition, and remand to the trial court with directions to dismiss the complaint with prejudice.
DANAHY, A.C.J., and LEHAN and PARKER, JJ., concur.