## ROBBINS v DEBARTOLO/LDS - CV, et al.
### Case No. 90-52208 CA 12
Eleventh Judicial Circuit, Dade County

June 18, 1991

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** County Attorney, and **Thomas W. Logue,** Assistant County Attorney, for plaintiff, property appraiser.

**Stuart L. Simon, Esquire,** Fine, Jacobson, Swartz, Nash & England, for defendant, taxpayer.

### OPINION OF THE COURT

STEVEN D. ROBINSON, Circuit Judge.

*ORDER DENYING DEFENDANT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES*

In this case the Property Appraiser Joel Robbins challenges a reduction in the Taxpayer's assessment made by the Property Appraisal Adjustment Board ["P.A.A.B."]. The property at issue, an

office building located at 1001 S. Bayshore Drive in Miami, was originally assessed at $39,000,000. In an administrative hearing, the P.A.A.B. reduced the assessment to $35,000,000. The Property Appraiser has timely appealed that reduction pursuant to § 194.036(1)(a) and (b) *Fla. Stat.* by filing a complaint in Circuit Court on October 24, 1990, within 60 days of the P.A.A.B. decision. On February 15, 1991, within twenty (20) days of service of the complaint, but more than 60 days from the date of the P.A.A.B. decision, the taxpayer filed a counterclaim, pursuant to section 194.171 contesting the assessment as reduced by the P.A.A.B., and seeking a further reduction of the assessment to $30,645,000. As an affirmative defense to the counterclaim, the Property Appraiser asserted that the counterclaim was untimely since it was not filed within 60 days of the date of the P.A.A.B. decision as required by section 194.171, Fla. Stat. The taxpayer has moved to strike this affirmative defense of untimeliness.

In support of its position, taxpayer cites cases holding that compulsory counterclaims can be filed and pursued even though the claims asserted would be barred by the applicable statute of limitations if instituted as a separate action. *See Allie v Ionata,* 503 So.2d 1237 (Fla. 1987); *Atkins v Rybovich Boat Works, Inc.,* 561 So.2d 594 (Fla. 4th DCA 1990).

Section 194.171(2), Fla. Stat., however, is not a mere statute of limitations, but is instead a jurisdictional statute of nonclaim. It requires that a challenge to a P.A.A.B. decision be filed within 60 days thereof. Section 194.171 states:

(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under § 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board. . .

(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.

In *Markham v Neptune Hollywood Beach Club,* 527 So.2d 814, 815 (Fla. 1988), the Supreme Court held that even an action challenging a tax assessment as void and unconstitutional is barred when the complaint is not filed within the sixty-day limitation of section 194.171(2), Fla. Stat. This result obtains because "the plain meaning of subsection (6) requires that the sixty-day requirement of subsection (2) be construed as a jurisdictional statute of nonclaim rather than as a statute of limitations." 527 So.2d at 815. The court noted that subsection (6) was

**153**

added by the legislature to clarify that the statute was one of nonclaim and that equitable exceptions available as a defense to a statute of limitations would no longer apply. 527 So.2d at 816. *See Miller v Nolte,* 453 So.2d 397, 401 (Fla. 1984) (noting that if 194.171 was a nonclaim statute then "the taxpayer would be unable to raise any valid estoppel arguments to an assertion that he failed to file his action within sixty days of certification.").

Indeed, the difference between a statute of limitations and a statute of nonclaim is that equitable considerations are available to breathe life back into an action even after a statute of limitations has run, whereas no such equitable exceptions apply to revive an action whose statute of nonclaim has run. *See generally Fowler v Hartridge,* 24 So.2d 306 (Fla. 1945) (equitable considerations cannot circumvent a statute of nonclaim in probate law); *Special Disability Trust Fund v Southern Bell Telephone and Telegraph Co.,* 551 So.2d 575 (Fla. 1st DCA 1989) (equitable considerations cannot circumvent a statute of nonclaim for employer's reimbursement from disability fund).

The relation back doctrine is an example of the equitable doctrines which may well serve to revive a claim otherwise barred by a statute of limitations, but which have no force and effect against the absolute nature of a statute of nonclaim. In fact, in *Cowart v Perkins,* 445 So.2d 654 (Fla. 2d DCA 1984), the Court stated that the relation back doctrine would no longer apply to section 194.171 after the effective date of subsection (6). The Court stated, "we nonetheless *caution the practitioner against further reliance on the relation back doctrine* after the effective date of the amendment in light of section (6) of the amendment, which provides that the requirements of subsection (3) are jurisdictional." 445 So.2d at 656 n. 4 (italics added). *Cowart's statement that the relation back doctrine would no longer apply to subsection (3) is equally applicable to the sixty-day requirement of subsection (2), since both subsections are made jurisdictional by subsection (6), the 1983 addition of subsection (6) to 194.171. Similarly, the taxpayer's other equity-based arguments have no efficacy in the face of a statute of nonclaim.*

The decision herein is in accord with the many decisions holding that a taxpayer's failure to comply strictly with the provisions of section 194.171 will result in dismissal for lack of jurisdiction. *See, e.g., Bystrom v Diaz,* 514 So.2d 1072 (Fla. 1987) (subsection 5); *Markham v Hinckley,* 554 So.2d 1139 (Fla. 4th DCA 1989) (same); *Wilkinson v Reese,* 540 So.2d 141 (Fla. 2d DCA 1989) (subsection (3)); *Mori v Robbins,* 541 So.2d 778 (Fla. 3d DCA 1989) (same); *Hirsh v Crews,* 494 So.2d 260 (Fla. 1st DCA 1986) (subsections (2) and (3)).

154

In conclusion, taxpayers are presumed to know of the 60 days jurisdictional limitation on actions to contest tax assessments. *Markham v Moriarty,* 575 So.2d 1307, 1310 (Fla. 4th DCA 1991). Since the sixty-day limitation to section 194.171(2), Fla. Stat. is a statute of nonclaim, the equitable doctrine of "relation back" cannot resuscitate the taxpayer's claimed entitlement to a further reduction of the assessment which was not timely filed. Accordingly, the Taxpayer's Motion to Strike the Affirmative Defense is DENIED.

Done in chambers in Miami, Dade County, Florida, this 18th day of June, 1991.