487 So.2d 1112 (1986)
Manuel DIAZ, Appellant,
v.
Franklin B. BYSTROM, Property Appraiser of Dade County, Florida, Steven Smith, Acting Tax Collector of Dade County, Florida, and P. Randy Miller, Executive Director of the Florida Department of Revenue, Appellees.
No. 85-1863.
District Court of Appeal of Florida, Third District.
April 8, 1986.
Rehearing Denied June 2, 1986.
Emilia Diaz-Fox, Miami, for appellant.
Robert A. Ginsburg, Dade Co. Atty., and Daniel A. Weiss and Gary K. Oldehoff, Asst. Co. Attys., for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, in a circuit court action, challenged a determination of the Property Appraiser as affirmed by the Property Appraisal Adjustment Board, that his property did not qualify for an agricultural exemption during the 1982 assessment period. On August 29, 1983, plaintiff tendered to the tax collector an amount he believed in good faith to be due and owing. While the challenge to the 1982 assessment was pending, the 1983 assessment became due and delinquent.
On May 18, 1984, defendants moved to dismiss the action which challenged the *1113 1982 assessment, asserting as grounds therefor that plaintiff was delinquent in paying his 1983 property taxes which, by statute, divested the trial court of subject matter jurisdiction to hear the challenge to the 1982 assessment.
The statute in question is section 194.171, Florida Statutes (1985), which provides in pertinent part:
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
* * * * * *
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
Defendants contend that the statute is straightforward and unequivocal in its requirement that taxes due for subsequent years be paid timely in order to continue a challenge to an earlier year's assessment, relying on Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985). In Clark a cause of action was declared "legally dead" for lack of jurisdiction and not capable of revival, where the taxpayer failed to pay at least the amount of the tax which in good faith was owing before it became delinquent. To the extent that Clark held that the jurisdictional defect was not curable, we disagree.
Significantly the statute does not say that the jurisdictional bar cannot be lifted. To the contrary, section 194.171(6) clearly contemplates that the court shall have jurisdiction after the requirements of the preceding sections, which establish the jurisdictional prerequisites, have been satisfied notwithstanding that the court may have been without jurisdiction to hear the cause after the taxes became delinquent. The conclusion we reach accords with the plain meaning of the statute, with sound reason, and with constitutional guarantees of unfettered access to the courts.[1]
As we read the statute, a challenge to a tax assessment may continue after a prior year's assessment becomes due but will, on a proper motion, be dismissed after the payments become delinquent. The purpose of the statutory scheme is obviously to insure prompt payment of taxes due, and to make available as revenues at least that amount of a tax assessment which the taxpayer does not dispute. Construing the failure to make timely payment of a subsequent year's assessment as an incurable jurisdictional bar is counterproductive towards that end.[2]
Defendants were given an opportunity to justify, on policy grounds or otherwise, their harsh construction of the statute. *1114 They offered nothing that persuades us. By paying the taxes due in subsequent years, plus any accrued interest and penalties caused by the delinquency, plaintiff could and did cure the jurisdictional defects in accordance with section 194.171(6).
Reversed and remanded for further proceedings in accordance with this opinion.
NOTES
[1] The Florida Constitution provides in pertinent part:

Article I
Section 21. Access to courts.  The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
* * * * * *
Article VII
Section 13. Relief from illegal taxes.  Until payment of all taxes which have been legally assessed upon the property of the same owner, no court shall grant relief from the payment of any tax that may be illegal or illegally assessed.
[2] Compare with section 607.357, Florida Statutes (1985), on corporations  construed as revenue-producing  which makes payment of assessments a condition to bringing and maintaining a court action. The failure to file annual reports and pay taxes is a jurisdictional bar which is curable even where delinquency results in involuntary dissolution. See Cosmopolitan Distributors, Inc. v. Lehnert, 470 So.2d 738 (Fla. 3d DCA 1985).