494 So.2d 506 (1986)
Ernest S. MARSHALL and Patricia K. Marshall, His Wife, Appellants,
v.
Frank PERKINS, As Manatee County Property Appraiser, and Sam Cornwell, As Manatee County Tax Collector, Appellees.
No. 85-2748.
District Court of Appeal of Florida, Second District.
August 13, 1986.
Rehearing Denied September 19, 1986.
Ernest S. Marshall, Bradenton, for appellants.
Robert H. Schultz and Scott B. Kallins, of Robert H. Schultz & Associates, P.A., Bradenton, for appellee Frank Perkins.
Michael M. Hamrick of Harllee, Porges, Hamlin & Brownell, Professional Ass'n, Bradenton, for appellee Sam Cornwell.
FRANK, Judge.
The appellants, Ernest S. Marshall and his wife, Patricia K. Marshall (the Marshalls), have appealed from an order of the trial court dismissing with prejudice their complaint in which they challenge the real property tax imposed upon them for the *507 year 1982. Their complaint was filed in early 1983. The Marshalls failed to pay the assessed ad valorem tax for the year 1984. Subsequently, on April 15, 1985, the Marshalls paid the 1984 arrearage and were granted an opportunity to amend their complaint to allege compliance with the statute. In the same order, however, the trial court granted the tax collector's motion to dismiss on the jurisdictional ground stemming from the Marshalls' failure to pay their 1984 taxes before they had become delinquent.
In its pertinent parts, section 194.171, Florida Statutes (1983), the controlling statute, provides as follows:
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
* * * * * *
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
The Third District has recently passed upon the application of this statute in Diaz v. Bystrom, 487 So.2d 1112 (Fla. 3d DCA 1986). We note at the outset our disagreement with the reasoning and result in that case. We are in conflict with Diaz.
In Diaz the Third District attributed threshold significance to the absence of a statutory provision permitting the jurisdictional bar to be overcome by payment, albeit tardy. By holding that the timely payment of taxes is not a jurisdictional prerequisite to maintenance of an action contesting a tax assessment, the Third District has imported the absent language into the statute. The result in Diaz cannot logically be grounded upon the premise that any other construction would be counterproductive of the statute's purpose to generate expendable revenue. The statute achieves that end without judicial refashioning. Its plain language leaves no one in doubt that if a challenge to the assessment is attempted, that challenge will not relieve the challenger of the obligation to pay successive years' taxes. Indeed, the threat of an absolute impediment to continuing a judicial attack upon an assessment is a vastly greater source of inducement to meet the tax paying obligation than would be present in sanctioning the delayed delinquent payment by those disputing an assessment. In short, we are convinced that our view of the statute and its effect is wholly within the objective ordained by the Legislature, i.e., the timely availability of revenue with which to maintain governmental functions and obligations.
We find without merit the Marshalls' contention that amendment of the complaint is to be treated as relating back to the moment when the original complaint was filed. In this regard the Marshalls rely upon Rule 1.190(c) of the Florida Rules of Civil Procedure and our decision in Cowart v. Perkins, 445 So.2d 654 (Fla.2d DCA 1984), in which we permitted an amended complaint in a similar setting to relate back following payment of the assessed tax. The similarity between Cowart and the matter at hand, however, ends with the fact that in Cowart the taxes referred to in the amended complaint had not become delinquent. Our reference in Cowart to Millstream Corp. v. Dade County, 340 So.2d 1276 (Fla.3d DCA 1977), noted that distinction. 445 So.2d at 655 n. 3.
Finally, we find the Marshalls' claims based upon the Florida Constitution equally meritless. See G.B.B. Investments, *508 Inc. v. Hinterkopf, 343 So.2d 899, 901 (Fla.3d DCA 1977) (citing Millstream). We are unable to find any impermissible restriction upon the Marshalls' access to the courts.
Accordingly, the trial court's order dismissing the amended complaint is affirmed.
SCHEB, A.C.J., and PATTERSON, DAVID F., Associate Judge, concur.