514 So.2d 1072 (1987)
Franklin B. BYSTROM, Etc., et al., Petitioners,
v.
Manuel DIAZ, Respondent.
Ernest S. Marshall, et Ux., Petitioners,
v.
Frank Perkins, Etc., et al., Respondents.
Nos. 68995, 69502.
Supreme Court of Florida.
September 10, 1987.
Rehearing Denied November 25, 1987.
*1073 Robert A. Butterworth, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, and Robert A. Ginsburg, Dade Co. Atty. and Daniel A. Weiss and Eric K. Gressman, Asst. Co. Attys., Miami, for Bystrom, etc., et al.
Emilia Diaz-Fox, Miami, for Manuel Diaz.
Ernest S. Marshall, Bradenton, pro se.
Scott B. Kallins of Schultz & Mattice, P.A., Bradenton, for respondent, Perkins.
Michael M. Hamrick of Harllee & Porges, P.A., Bradenton, for respondent, Cornwell.
SHAW, Justice.
We consolidate for review Diaz v. Bystrom, 487 So.2d 1112 (Fla. 3d DCA 1986), and Marshall v. Perkins, 494 So.2d 506 (Fla. 2d DCA 1986). Diaz is in direct and express conflict with Marshall. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Marshalls filed suit challenging a 1982 tax assessment. While the suit was pending, the 1984 taxes became delinquent by operation of law on April 1, 1985. § 197.0124(1) Fla. Stat. (1985). The tax collector filed a motion to dismiss pursuant to subsections 194.171(5) and (6), Florida Statutes (1985), which provide in pertinent part:
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

(Emphasis added.)[1] The Marshalls paid the taxes on April 15, 1985, and thereafter *1074 filed a motion to amend their complaint under Florida Rule of Civil Procedure 1.190. The trial court granted the motion to amend, but in the same order dismissed the action with prejudice on the grounds that the Marshalls failed to pay their 1984 taxes before they became delinquent in accordance with subsections 194.171(5) and (6).[2]
The Second District Court of Appeal affirmed the dismissal. The court rejected as meritless the Marshalls' argument that the amended complaint cured the jurisdictional defect by showing that the 1984 taxes had been paid. The Marshalls base this argument on Florida Rule of Civil Procedure 1.190(c) which provides that claims or defenses asserted in an amended pleading will relate back to the date of the original pleading if they arise out of the originally claimed conduct, transaction, or occurrence. We reject this argument. The Marshalls' payment of the 1984 taxes is not a claim or defense arising out of the original complaint contesting the 1982 tax assessment. Further, even if treated as relating back, the amended pleading did not and could not assert the crucial fact that the 1984 taxes were paid before they became delinquent as required by section 194.171(5).
The Third District Court of Appeal, in contrast to Marshall, reversed a section 194.171(5) dismissal in Diaz, finding that the taxpayer's delinquent payment, prior to dismissal, cured the jurisdictional defect. The facts are substantially similar. Diaz challenged the Property Appraisal Adjustment Board's (PAAB) denial of his 1982 agricultural real property exemption and his 1982 tax assessment. The PAAB certified the assessment on September 26, 1983. Property appraiser Bystrom certified the assessment for collection on October 25, 1983. While Diaz's suit challenging the assessment was pending, his 1983 taxes became delinquent by operation of law on April 1, 1984. Accordingly, Bystrom moved for a dismissal pursuant to subsections 194.171(5) and (6). Diaz paid the delinquent taxes on May 30, 1984, prior to the hearing on the motion to dismiss. The trial court dismissed the action with prejudice under subsections 194.171(5) and (6).
The district court, in reversing, placed significance on the fact that section 194.171 does not expressly create an incurable jurisdictional bar. Further, the court found that a complete jurisdictional bar is counterproductive to the legislative objective of insuring prompt payment of taxes due, and making available as revenues the amount of the tax assessment not disputed.
We disagree with this analysis. As the second district stated in Marshall,
[i]n Diaz the Third District attributed threshold significance to the absence of a statutory provision permitting the jurisdictional bar to be overcome by payment, albeit tardy. By holding that the timely payment of taxes is not a jurisdictional prerequisite to maintenance of an action contesting a tax assessment, the Third District has imported the absent language into the statute. The result in Diaz cannot logically be grounded upon the premise that any other construction would be counterproductive of the statute's purpose to generate expendable revenue. The statute achieves that end without judicial refashioning. Its plain language leaves no one in doubt that if a challenge to the assessment is attempted, that challenge will not relieve the challenger of the obligation to pay successive years' taxes. Indeed, the threat of an absolute impediment to continuing a judicial attack upon an assessment is a vastly greater source of inducement to meet the tax paying obligation than would be present in sanctioning the delayed delinquent payment by those disputing an assessment.
494 So.2d at 507.
Although subsections 194.171(5) and (6) appear to be somewhat harsh, their meaning is clear. Subsection 194.171(5) *1075 plainly states that a taxpayer may not maintain a suit contesting a tax assessment, and that such an action "shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent." Subsection (6) expressly declares that these requirements are jurisdictional and that "[a] court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5)." The statute does not allow a court to retain jurisdiction once taxes become delinquent.
Marshall and Diaz both argue that a literal interpretation of section 194.171 unconstitutionally limits a taxpayer's access to judicial relief in violation of article I, section 21, and article VII, section 13 of the Florida Constitution. Subsections 194.171(5) and (6) supplement rather than conflict with article VII, section 13, which requires that all legally assessed taxes be paid before a court may grant relief from illegal taxes. Further, "[a]lthough courts are generally opposed to any burden being placed on the rights of aggrieved persons to enter the courts because of the constitutional guarantee of access, there may be reasonable restrictions prescribed by law." Carter v. Sparkman, 335 So.2d 802, 805 (Fla. 1976), receded from on other grounds, Aldana v. Holub, 381 So.2d 231 (Fla. 1980). Examples of reasonable restrictions include "the fixing of a time within which suit must be brought, payment of reasonable cost deposits, [and] pursuit of certain administrative relief such as zoning matters or workmen's compensation claims... ." Id. As a prerequisite to maintaining suit, subsection 194.171(5) requires only that a taxpayer pay, prior to delinquency, the undisputed amount of taxes assessed while his suit is pending. This requirement does not unreasonably restrict a taxpayer's access to court.
Neither do we find that subsections 194.171(5) and (6) deny the taxpayer due process of law. Due process requires that a taxpayer be given a meaningful opportunity to be heard. Diaz and Marshall each had such an opportunity, but forfeited it by failing to pay subsequently assessed taxes before delinquency.
Accordingly, we disapprove the third district court's decision in Diaz and approve the second district court's decision in Marshall. We remand to the third district court for further proceedings consistent herewith.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The requirements set forth in subsection 194.171(6) "apply to assessment rolls and taxes levied thereon for 1983 and each year thereafter." Ch. 83-204, § 43, Laws of Fla. In each of the instant cases, the delinquent taxes were assessed in 1983 or thereafter.
[2] The subsections 194.171(2) and (3) filing requirements for an action contesting a tax assessment are not at issue in either of the instant cases.