571 So.2d 8 (1990)
John W. MIKOS, As Property Appraiser of Sarasota County, Florida, Petitioner,
v.
Honorable James S. PARKER, Circuit Judge of Sarasota County, and Jack Graham, Inc., a Florida Corporation, Respondents.
No. 90-00720.
District Court of Appeal of Florida, Second District.
May 18, 1990.
Beth E. Antrim-Berger of Dent & Antrim-Berger, P.A., Sarasota, for petitioner.
John W. Lurvey and John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for respondents.
PARKER, Judge.
Petitioner, John Mikos, the property appraiser for Sarasota County, seeks a writ of prohibition to bar the respondent, James S. Parker, a circuit judge, from conducting further proceedings in a tax assessment challenge brought by Jack Graham, Inc. (the corporation). We deny the writ.
The corporation filed its complaint on December 8, 1989, challenging its 1989 tax assessment. That assessment had been certified for collection on October 13, 1989. The corporation paid the uncontested taxes on December 7, 1989, but failed to attach a tax collector's receipt to its complaint. The corporation filed the receipt in the court file on January 8, 1990, after the petitioner had filed a motion to dismiss in the trial court alleging that the receipt must be attached to the complaint. The respondent denied the motion to dismiss, reasoning that the receipt related back to the date of the filing of the complaint.
Petitioner argues that the circuit court lacked jurisdiction, relying on section 194.171 which provides:
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment *9 by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.323.
(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
§ 194.171, Fla. Stat. (1989). The trial court agreed with the corporation's position that the actual payment of the uncontested taxes, within sixty days of the date the assessment was certified, satisfied the statute.
The petitioner disagrees and relies on the cases of Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987); Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988); Gulfside Interval Vacations, Inc. v. Schultz, 479 So.2d 776 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986); Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1986); and Mirabal v. State, Department of Revenue, 553 So.2d 1297 (Fla. 3d DCA 1989). These cases are distinguishable from the case at hand because, in each case, the taxpayer either failed to pay the disputed tax prior to filing the complaint and/or failed to file a complaint within the statutory time limits. Here, the corporation paid the uncontested taxes and filed the complaint before expiration of the sixty-day term.
The legislature's obvious objective in enacting the jurisdictional prerequisites was to insure the continued flow of tax revenue during the extended period of an assessment challenge. Marshall v. Perkins, 494 So.2d 506 (Fla. 2d DCA 1986), aff'd sub nom. Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987). The legislature's objective is not hindered by the relative technical shortcoming of the corporation's initial complaint.
The petition for writ of prohibition is denied.
HALL, A.C.J., and THREADGILL, J., concur.