687 So.2d 1374 (1997)
WASHINGTON SQUARE CORPORATION, a Florida Corporation, Appellant,
v.
Ronald WRIGHT, as Property Appraiser of Washington County, Florida, Appellee.
No. 96-2228.
District Court of Appeal of Florida, First District.
February 25, 1997.
Bonnie K. Roberts, Bonifay, for Appellant.
Larry E. Levy of the Levy Law Firm, Tallahassee, for Appellee.
BENTON, Judge.
This case raises questions about what taxes a taxpayer must pay and what steps a taxpayer must take, in order to remain entitled to contest an ad valorem property tax assessment, when the taxpayer concedes that some taxes are owed. The failure to pay ad valorem taxes in succeeding years extinguishes the right to maintain a contest, unless the taxpayer seeks timely review of every assessment as to which taxes are not paid in full. We affirm the circuit court's final order of dismissal for that reason.
Appellant Washington Square Corporation (Washington Square) has owned certain real property in Washington County since about 1984. After it received notice of its ad valorem tax assessment for taxable year 1993, it petitioned Washington County's value adjustment board (the property appraisal adjustment board), seeking review and adjustment of the assessed value. On October 12, 1993, the board denied Washington Square's petition. On December 10, 1993, naming the property appraiser as defendant, Washington Square filed a complaint in circuit court, seeking a downward adjustment of the property appraiser's assessment.
On the day it filed its complaint, Washington Square made a tax payment in the amount it conceded it owed for taxable year 1993, and attached the receipt to the complaint. In the two years that followed, Washington Square apparently paid what we assume for purposes of decision to have been good faith estimates of the taxes it owed for the 1994 and 1995 taxable years, and received receipts accordingly. Although the 1994 and 1995 payments were less than the taxes levied in those yearsreflecting Washington Square's view that the overassessment it contended had occurred in 1993 had persistedWashington Square did not seek either administrative or judicial review of the *1375 tax assessments for the 1994 and 1995 taxable years in a timely fashion.
On the day it filed suit, Washington Square met the statutory prerequisites for bringing a judicial challenge to its 1993 assessment, assuming as we do that the amount of tax it paid then was "not less than the amount of the tax which the taxpayer admits in good faith to be owing." Section 194.171, Florida Statutes (1995), provides:
(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
At issue here, however, is what the statute requires to prevent dismissal of a judicial challenge to an assessment, when duly initiated court proceedings have not concluded by the time taxes fall due in subsequent year(s). In this regard, section 194.171, Florida Statutes (1995), provides:
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional....
The learned circuit judge concluded that Washington Square's failure to pay ad valorem taxes in full for taxable years 1994 and 1995 required dismissal of its complaint challenging its assessment for taxable year 1993.
Washington Square urges that the statute be read as requiring it to pay in subsequent years only the amounts admitted in good faith to be owingnot the full amounts later leviedin order to preserve its right to maintain the action challenging its 1993 assessment. But this construction has been rejected by our supreme court. Bystrom v. Diaz, 514 So.2d 1072 (Fla.1987). A "challenge will not relieve the challenger of the obligation to pay successive years' taxes." Marshall v. Perkins, 494 So.2d 506, 507 (Fla. 2d DCA 1986), approved, 514 So.2d 1072 (Fla.1987).
It was open to Washington Square, after paying good faith estimates of taxes due in subsequent years, to obtain judicial review of its assessments for each subsequent year by filing suits within the periods allowed. But the time has now expired. Unless a petition is pending before the value adjustment board when an assessment is certified for collection, "[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection." § 194.171(2), Fla. Stat. (1993). Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988); Gulfside Interval Vacations, Inc. v. Schultz, 479 So.2d 776 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986).
Once the deadlines for challenges passed, the tax assessments for the taxable years 1994 and 1995 were no longer subject to adjustment. Thereafter, payment of anything less than the full amounts levied could no longer be deemed payment of amounts "which the taxpayer in good faith admits to be owing." § 194.171(5), Fla. Stat. (1995). The full amounts were then indisputably owed. Because judicial review of the assessments for the 1994 and 1995 taxable years was not sought in a timely fashion, and because the taxes were not paid in full, taxes for those years became delinquent on April 1, 1995, and April 1, 1996, respectively, partial payments notwithstanding. These delinquencies required dismissal of Washington Square's complaint challenging its assessment for the taxable year 1993. § 194.171(5), Fla. Stat. (1995).
Affirmed.
BARFIELD, C.J., and ERVIN, J., concur.