903 So.2d 303 (2005)
Ervin HIGGS, Monroe Co. Prop. Appraiser, et al., Petitioners,
v.
ARMADA KEY WEST LTD. PARTNERSHIP, Respondent.
No. 3D05-768.
District Court of Appeal of Florida, Third District.
June 8, 2005.
*304 Sherri L. Johnson and John C. Dent, Jr., (Sarasota) for petitioners.
Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi and David S. Maglich, (Sarasota) for respondents.
Before FLETCHER, WELLS, and SUAREZ, JJ.
WELLS, J.
The Monroe County Property Appraiser, the Monroe County Tax Collector, and the Florida Department of Revenue petition for a writ prohibiting the Circuit Court of the Sixteenth Judicial Circuit from continuing to exercise jurisdiction over an action filed by Armada Key West Limited Partnership contesting a 2001 ad valorem tax assessment. Because the circuit court lacks subject matter jurisdiction over this action, we grant the relief requested.
The instant petition arises out of a timely filed action by Armada contesting a 2001 ad valorem tax assessment on tangible personal property. In 2002, Armada filed a second action contesting the 2002 ad valorem tax assessment on the same property. Petitioners claim that because the 2002 action was not timely filed, the 2002 taxes became delinquent resulting in ouster of the circuit court's jurisdiction to entertain the earlier filed action regarding the 2001 tax assessment. For the following reasons, we agree.
Section 194.171 of the Florida Statutes confers jurisdiction on the circuit courts to hear ad valorem tax assessment contests and authorizes such contests (1) if brought within sixty days of the date the contested assessment is certified for collection or from a decision by a value adjustment board and (2) upon the good faith payment of an amount the taxpayer believes to be owed:
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation....

*305 (2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
§ 194.171(1), (2) Fla. Stat. (2004).
Section 194.171 also makes clear that jurisdiction to entertain an assessment contest is conditioned on the taxpayer's obligation to keep taxes current for all years subsequent to the year in question:
(5) No action to contest a tax assessment may be maintained and any such action shall be dismissed, unless all taxes on the property assessed in years after the action was brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
§ 194.171(5), (6), Fla. Stat. (2004); Bystrom v. Diaz, 514 So.2d 1072, 1074 (Fla.1987) (confirming that failure to pay successive years' taxes deprives a court of jurisdiction to entertain a tax challenge); Robbins v. Friedman, 625 So.2d 83, 84 (Fla. 3d DCA 1993) ("[i]t is now settled beyond any doubt that [section 194.171(5), (6)] does not allow a court to retain jurisdiction once taxes become delinquent").
As petitioners correctly contend, the taxpayer in this case did not remain current in the payment of its taxes for the year following the action contesting its 2001 assessment thereby mandating dismissal. Section 197.333 of the Florida Statutes, provides that ad valorem taxes on tangible personal property become due and payable on November 1 of each year (or as soon thereafter upon receipt of the certified tax roll by the tax collector) and are delinquent if not paid by April 1 of the following year (or immediately after 60 days have expired from the mailing of the original tax notice, whichever is later). § 197.333, Fla. Stat. (2004). Although section 194.171 suspends these deadlines while an assessment is being contested, it does so only upon the good faith payment of an amount the taxpayer believes is due and upon the timely filing of an assessment contest action:
(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing.... Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.

§ 194.171(3), Fla. Stat. (2004) (emphasis added).
The parties do not dispute the action contesting the 2002 assessment was not timely filed. This court's decision affirming dismissal of that action as untimely precludes any argument on this point. Armada Key West Ltd. Partnership v. Higgs, 891 So.2d 617 (Fla. 3d DCA 2005). Consequently, ad valorem taxes for 2002 became due on November 1, 2002, and because not paid in full, became delinquent on April 1, 2003, thereby depriving the court below of *306 jurisdiction to entertain the 2001 assessment contest:
The failure to pay ad valorem taxes in succeeding years extinguishes the right to maintain a contest, unless the taxpayer seeks timely review of every assessment as to which taxes are not paid in full....
* * * *
At issue here, however, is what the statute requires to prevent dismissal of a judicial challenge to an assessment, when duly initiated court proceedings have not concluded by the time taxes fall due in subsequent year(s)....
* * * *
Once the deadlines for challenges passed [under section 194.171(2)], the tax assessments for the taxable years [succeeding the year contested] were no longer subject to adjustment. Thereafter, payment of anything less than the full amounts levied could no longer be deemed payment of amounts "which the taxpayer in good faith admits to be owing." § 194.171(5), Fla. Stat. (1995). The full amounts were then indisputably owed.
Because judicial review of the assessments for the [succeeding years] was not sought in a timely fashion, and because the taxes were not paid in full, taxes for those years became delinquent on April 1 [of the succeeding years], partial payments notwithstanding. These delinquencies required dismissal of [the] complaint challenging [the] assessment for the taxable year [in question]. § 194.171(5), Fla. Stat. (1995).
Washington Square Corp. v. Wright, 687 So.2d 1374, 1374-75 (Fla. 1st DCA 1997) (emphasis added); § 194.171(5), (6), Fla. Stat. (2004).
We therefore grant Petitioners' request that the order denying their motion to dismiss for lack of jurisdiction be quashed and that the court below be instructed to dismiss the instant action with prejudice. However, we withhold formal issuance of a writ secure in our belief that in light of this opinion that it will be unnecessary. See Friedman, 625 So.2d at 84 (granting relief but withholding issuance of a formal writ of prohibition upon finding that section 194.171 does not authorize a court to exercise jurisdiction once taxes become delinquent); see also Walker v. Garrison, 610 So.2d 716, 718 (Fla. 4th DCA 1992)(confirming that prohibition is the appropriate remedy to prevent a continued exercise of jurisdiction where an untimely assessment contest action had been brought); Markham v. Moriarty, 575 So.2d 1307, 1308 (Fla. 4th DCA 1991)(confirming that prohibition was a proper remedy to quash an improper exercise of power without jurisdiction where an untimely assessment action had been brought).
Prohibition granted.