EVANDER, J.
Brian J. Shank and Alane Rae Shank appeal from a final order dismissing their complaint against the Lake County Property Appraiser with prejudice. The trial court found that the Shanks had failed to comply with the conditions precedent set forth in section 194.171, Florida Statutes (2007). We reverse.
The Shanks are the trustees of the Brian John Shank and Alane Rae Shank Inter Vivos Revocable Trust Agreement. The Trust owns property situated in Lake County. On June 1, 2006, the property appraiser issued a Notice of Ad Valorem Taxes which, inter alia, denied an agricultural exemption which the Trust had previously enjoyed. After receiving the notice, the Shanks filed a petition to the Value Adjustment Board. On March 9, 2007, the Value Adjustment Board entered its written decision denying the petition.
On May 4, 2007, the Shanks remitted a check in the amount of $849.49 to the Lake County Tax Collector. Four days later, on May 8, 2007, the Shanks filed their complaint against the property appraiser, contesting the tax assessment. On May 9, 2007, the tax collector returned the check to the Shanks. The tax collector’s accompanying letter provided: “We are returning your check because the Florida Statutes do not allow us to collect a partial payment.... ”
The property appraiser subsequently filed a motion to dismiss the Shanks’ complaint, alleging that they had failed to comply with the jurisdictional conditions precedent set forth in section 194.171. The trial court granted the property appraiser’s motion, finding as follows:
When the Plaintiffs attempted to make their good-faith payment, they failed to indicate their intention to the Tax Appraiser. When the payment was returned, the Plaintiffs failed to take further steps to correct the situation and obtain their receipt.... Section 194.171(6) provides that the requirements of subsections (2), (3), and (5) are jurisdictional. Subsection (3) requires the taxpayer to file a receipt with the payment [sic]. Because the Plaintiffs did not do this, this Court does not have jurisdiction pursuant to subsection (6).
We respectfully disagree with the trial court’s interpretation of section 194.171.
Section 194.171(6) provides that no court shall have jurisdiction in a case challenging a property tax assessment unless the requirements of subsection (2), (3), and (5) are met. Subsection (5) has not been raised as an issue in this case. Subsection (2) required the Shanks to file this lawsuit within sixty days from the date a decision was rendered by the Value Adjustment Board. Here, there is no dispute that the Shanks filed them lawsuit on the sixtieth day. Thus, it is the interpretation of subsection (3) that is central to this appeal. Subsection (3) provides:
Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment *633 of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
In its complaint, the Shanks alleged that the $849.49 check it had remitted to the tax collector constituted the amount of taxes they admitted, in good faith, to be owing. The complaint further alleged that the tax collector had not issued a receipt for the payment as required by the statute. The property appraiser does not dispute that the Shanks delivered their check to the tax collector four days prior to the filing of the complaint. Nor does the property appraiser dispute that the tax collector failed to issue a receipt prior to the expiration of the sixty day time period. Nonetheless, the property appraiser contends that the Shanks’ complaint is jurisdictionally barred because there was no receipt from the tax collector attached to the complaint. We reject this argument and agree with our sister court’s conclusion in Mikos v. Parker, 571 So.2d 8 (Fla. 2d DCA 1990), that the filing of the tax collector’s receipt with the court within the applicable sixty day time period is not a jurisdictional prerequisite. As observed in Mikos, the legislature’s obvious objective in enacting the jurisdictional prerequisites was to ensure the continued flow of tax revenue during the extended period of an assessment challenge. This objective is satisfied when the taxpayer makes his good faith payment in a timely manner. To accept the property appraiser’s argument would mean that even where a taxpayer made his good-faith payment on the fh'st day of the sixty-day time period, and otherwise complied with the requirements set forth in section 194.171, he would lose his right to challenge a tax assessment if the tax collector failed or refused, for whatever reason, to timely issue a receipt. We do not believe the Legislature intended such an absurd result.
Alternatively, the property appraiser argues that the Shanks were required to expressly inform the tax collector that their check constituted their good-faith payment and not simply a partial payment of their taxes. Although we agree that the better practice would be for a taxpayer to provide a cover letter to the tax collector expressly reciting that the payment being made is a good faith payment required by section 194.171(3), we cannot find that doing so is statutorily required. The Shanks alleged that their payment of $849.49 constituted what they admitted, in good faith, to be owing. They should be given the opportunity to prove this allegation.
REVERSED and REMANDED.
PALMER, C.J. and TORPY, J., concur.