KHOUZAM, Judge.
The Lee County Property Appraiser and Florida Department of Revenue appeal an order granting final summary judgment in favor of the Francis Hine Low Family Trust. Because the trial court lacked jurisdiction to enter the order, we reverse.
In May 2010 the Trustee of the Francis Hine Low Family Trust sued the Lee County Property Appraiser, the Lee County Tax Collector, and the Florida Department of Revenue, alleging that the 2009 ad valorem assessment of a piece of real property belonging to the Trust was invalid. The Trustee filed a motion for summary judgment which was argued at a hearing on March 21, 2011. At the conclusion of the hearing, the trial court reserved ruling.
The trial court communicated its decision to the parties in a letter filed April 4, 2011. The letter indicated that the trial court agreed with the Trustee’s analysis and purported to grant its motion for summary judgment. On April 7, 2011, the Property Appraiser filed a motion to dismiss for lack of subject matter jurisdiction. *898 The motion alleged that the Trustee failed to pay its 2010 real property taxes by the April 1, 2011, deadline and, consequently, the trial court lost jurisdiction over the case pursuant to section 194.171, Florida Statutes (2010).
At the hearing on the motion to dismiss on June 6, 2011, the Trustee did not dispute that it failed to pay its taxes by the deadline. Instead, the Trustee asserted that because it submitted and argued its motion for summary judgment prior to the tax deadline, the trial court’s election to reserve ruling until after the deadline should not prejudice the Trustee. Thus, the Trustee argued, the appropriate resolution was to enter an order nunc pro tunc, effective as of a date prior to the tax deadline.
On June 20, 2011, the trial court issued an order granting the Trustee’s motion for summary judgment “entered Nunc Pro Tunc effective as of March 21, 2011[,] prior to the alleged delinquency of April 1.” On the same day, the trial court also issued an order denying the Appraiser’s motion to dismiss as moot in light of the court’s ruling on the motion for summary judgment. The Property Appraiser and Department of -Revenue timely filed this appeal.
Section 194.171(5) provides in full: “No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.” Subsection (6) explains that this requirement is jurisdictional and specifies that “A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).” Florida law is thus “clear that jurisdiction to entertain an assessment contest is conditioned on the taxpayer’s obligation to keep taxes current for all years subsequent to the year in question.” Higgs v. Armada Key West Ltd. P’ship, 903 So.2d 303, 305 (Fla. 3d DCA 2005). Therefore, once taxes become delinquent, dismissal is required pursuant to section 194.171. Washington Square Corp. v. Wright, 687 So.2d 1374, 1375 (Fla. 1st DCA 1997).
Here, it is undisputed that the Trustee failed to timely pay its 2010 taxes on the real property at issue in this suit. Once the Trustee’s taxes became delinquent on April 1, 2011, section 194.171 divested the trial court of jurisdiction to hear the case. Therefore, the trial court’s June 20, 2011, order granting final summary judgment in favor of the Trustee was entered without jurisdiction and is a nullity. See Napoleonic Soc. of Am., Inc. v. Snibbe, 696 So.2d 1243, 1243 (Fla. 2d DCA 1997) (“Because the final summary judgment was entered without jurisdiction, it is a nullity.”). This jurisdictional defect could not be cured by the entry of the order nunc pro tunc. See D.M. v. State, 580 So.2d 634, 635-36 (Fla. 1st DCA 1991) (reversing a nunc pro tunc order entered after the court’s jurisdiction lapsed because such an order “exceeds the scope of the proper purposes for which a nunc pro tunc order can be issued”).
Although this result is “somewhat harsh,” Bystrom v. Diaz, 514 So.2d 1072, 1074 (Fla.1987), we must reverse the order granting summary judgment in favor of the Trustee and remand the case for dismissal.
Reversed.
WHATLEY and KELLY, JJ„ Concur.