PER CURIAM.
The Palm Beach County Property Appraiser petitions for a writ prohibiting the trial judge from further exercise of jurisdiction with respect to counts I and II in an action brought by the property owners against the appraiser, the Value Adjustment Board (VAB), and the executive director of the Department of Revenue. We grant the petition.
After the property appraiser removed the owners’ homestead tax exemption on the property in question for the 2008 tax year, the owners petitioned the VAB for the reinstatement of the exemption and the special magistrate recommended denial of their petition. The owners commenced an action in the circuit court. Counts I and II were for declaratory relief, seeking the reinstatement of the homestead exemption. While the suit was ongoing, the property appraiser continued to assess the property without the exemption, but the owners neither challenged the denial of the exemption for years 2009 and 2010 before the VAB, nor did they amend their complaint to add counts disputing the assessments for those years.
In 2011, the property appraiser learned that the owners had not paid their property taxes for 2009 or 2010. He moved to dismiss counts I and II of the third amended complaint for lack of subject matter jurisdiction pursuant to subsections 194.171(5) and (6), Florida Statutes, which provide as follows:
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
§ 194.171(5) & (6), Fla. Stat. (2011).
The trial court denied the motion and this petition followed.
*301 The property owners take the position that their declaratory action is filed pursuant to section 196.151 (concerning homestead exemptions) and chapter 86 (concerning declaratory judgments). They contend that these statutes do not require the payment of taxes for subsequent years in order to maintain an action. They argue that because they do not pose a challenge to a tax assessment, the provisions of section 194.171 do not apply.
However, it is well established that a challenge concerning entitlement to a tax exemption is a challenge to an assessment of taxes, for purposes of section 194.171. E.g., Nikolits v. Ballinger, 736 So.2d 1253, 1255 (Fla. 4th DCA 1999) (“[I]t is clear that the application of a homestead exemption is an integral part of a ‘tax assessment’ within the meaning of section 194.171(2). A timely challenge is therefore necessary to satisfy the jurisdictional requirement of that section.”); Nikolits v. Delaney, 719 So.2d 348 (Fla. 4th DCA 1998) (concluding that taxpayers’ claim that the homestead tax assessment exceeded the statutory cap on such increases is challenge to tax assessment, governed by section 194.171, Florida Statutes (1997)); Hall v. Leesburg Reg’l Med. Ctr., 651 So.2d 231, 232 (Fla. 5th DCA 1995) (reversing final judgment ordering refund of ad valorem taxes paid, where trial court should have dismissed action for lack of jurisdiction; holding denial of exemption was “assessment” subject to statute of limitations applicable to real property tax assessments).
It does not matter whether the challenge is brought under section 196.151 or 194.171. See Ward v. Brown, 892 So.2d 1059, 1060 (Fla. 1st DCA 2003) (rejecting taxpayers’ semantic argument that they were not subject to sixty-day time limit of section 194.171 because they were not challenging the assessment on particular property, but only its classification (whether or not exempt government property); denials of exemption are assessments subject to requirements of section 194.171), approved, 894 So.2d 811 (Fla.2004).
Pursuant to the clear language of subsections 194.171(5) & (6), the petition is granted. We quash the trial court’s order denying the motion to dismiss counts I and II of the third amended complaint.

The petition for writ of prohibition is granted.

GROSS, LEVINE and CONNER, JJ., concur.