NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FOREST BROOKE/HILLSBOROUGH, )
LLC, a Florida limited liability corporation, )
 )
   Appellant, )
 )
v. )  Case No. 2D15-128
 )
BOB HENRIQUEZ, as Hillsborough County )
Property Appraiser, and DOUG BELDEN, )
as Hillsborough County Tax Collector, )
 )
   Appellees. )
_____)

Opinion filed June 29, 2016.

Appeal from the Circuit Court for
Hillsborough County; Mark R. Wolfe,
Judge.

Marie Tomassi and Gregg E. Hutt of
Trenam, Kemker, Scarf, Barkin, Frye,
O'Neill & Mullis, P.A., Tampa, for Appellant.

William D. Shephard, Tampa, for Appellee
Bob Henriquez, as Hillsborough County
Property Appraiser.

Brian T. FitzGerald, Senior Assistant County
Attorney, Tampa, for Appellee Doug Belden,
as Hillsborough County Tax Collector.


MORRIS, Judge.

Forest Brooke/Hillsborough, LLC, appeals an order dismissing with prejudice its 2009 complaint challenging a 2008 tax classification and assessment of its property in Hillsborough County. The trial court granted a motion to dismiss filed by the Hillsborough County Property Appraiser, concluding that while the court had jurisdiction when the action was filed, it subsequently lost jurisdiction under section 194.171, Florida Statutes (2009), when Forest Brooke failed to timely pay the 2009 taxes assessed on the property. On appeal, Forest Brooke argues, among other things, that the trial court departed from the plain meaning of section 194.171. We agree and reverse the decision of the trial court.

I. Background

This appeal arises out of Forest Brooke's challenge to the Property Appraiser's 2008 tax classification and ad valorem tax assessment of approximately 474 acres of undeveloped land in Hillsborough County. Forest Brooke filed its action against the Property Appraiser in August 2009 and paid the 2008 taxes in an amount that Forest Brook admitted in good faith was due and owing. See § 194.171(3). During the pendency of the action, however, the 2009 taxes were not paid in a timely manner. Taxes assessed in the years after 2009 were timely paid. In 2012, the Property Appraiser filed a motion to dismiss Forest Brooke's complaint for lack of jurisdiction based on the following language in section 194.171:

> (5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
> (6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2)

- 2 -

and (3) have been met.  A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).[1]

The Property Appraiser argued that because Forest Brooke did not timely pay the 2009 taxes, the language of section 194.171(5) requires dismissal of the action.  Forest Brooke responded that section 194.171(5) did not require dismissal because "all taxes on the property assessed in the years after the action was brought" were timely paid; the action was brought in 2009, and all taxes were timely paid for the subsequent years.  Forest Brooke argued that the Property Appraiser misconstrued section 194.171(5) by reading it to require the timely payment of taxes for the year in which the action was brought.  After a hearing in December 2014, the trial court granted the Property Appraiser's motion and dismissed Forest Brooke's complaint with prejudice because "the taxes for the year of 2009 were due, were delinquent[,] and were not paid timely."

II.  Analysis

We review de novo the trial court's dismissal of Forest Brooke's complaint, which was based on a question of law regarding the trial court's jurisdiction over its tax challenge.  See Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 592 (Fla. 2013); Artz ex. rel Artz v. City of Tampa, 102 So. 3d 747, 749 (Fla. 2d DCA 2012).  The question of law turns on the language of section 194.171(5), and if the language is clear and unambiguous, we must enforce it according to its terms.  Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 323 (Fla. 2001).  In regard to section 194.171 specifically, courts have given effect to the literal jurisdictional language.  See Bystrom

---

[1]The Property Appraiser made no argument that Forest Brooke failed to comply with the time requirements for filing a complaint under subsections (2) and (3).

v. Diaz, 514 So. 2d 1072, 1074-75 (Fla. 1987); Marshall v. Perkins, 494 So. 2d 506, 507 (Fla. 2d DCA 1986), approved by Bystrom, 514 So. 2d 1072.

There is no mistaking the clear language of section 194.171(5): a taxpayer may not maintain an action challenging a tax assessment unless all the taxes on the property assessed in years *after* the action is brought are paid before they become delinquent. There is no other way to read this plain language. The trial court dismissed the action because the property taxes assessed in 2009—the year in which the action was brought—were not timely paid. But the statute does not require that the taxes be timely paid for the year *in which* the action is brought; it only requires the timely payment of taxes assessed in years *after* the action is brought.[2]

It appears that the trial court engaged in a well-intentioned effort to apply the statute in the way it felt the legislature intended, by requiring the taxes to be timely paid for all the years *after* the year being challenged. See Marshall, 494 So. 2d at 507 (recognizing that the legislative objective of section 194.171 is "the timely availability of

---

[2]The Property Appraiser cites to Wilkinson v. Clarke, 91 So. 3d 897 (Fla. 2d DCA 2012), in which this court reversed a summary judgment entered in favor of the taxpayer, concluding that the trial court lost jurisdiction over the 2010 complaint challenging a 2009 assessment because the taxpayer had not timely paid its 2010 taxes. But it appears from the language of that opinion that the taxpayer did not dispute the application of the language of section 194.171(5) to the facts of that case; rather, the taxpayer argued that the trial court's delay in entering the summary judgment in its favor should not be held against the taxpayer because 2010 taxes became delinquent during the trial court's delay. 91 So. 3d at 898. This court did not expressly decide the issue of whether the specific statutory language regarding "all taxes on the property assessed in years after the action is brought" applies to the taxes assessed in the year in which the action is brought. Therefore, we are not constrained by that decision.

We also note South Pointe Family & Children Center, Inc. v. Miami-Dade Cty., 57 So. 3d 256, 258-59 (Fla. 3d DCA 2011), in which the court held that the taxpayer's failure to pay taxes for 2007 and 2008 required dismissal of a 2007 complaint challenging tax assessments for 2004, 2005, and 2006. Again, the court did not specifically address the language in subsection (5) regarding taxes "assessed in years after the action is brought."

revenue with which to maintain governmental functions and obligations").  However, "[e]ven where a court is convinced that the [l]egislature really meant and intended something not expressed in the phraseology of the act," the court is not authorized to "depart from the plain meaning of the language which is free from ambiguity."  Fla. Dep't of Revenue, 789 So. 2d at 323 (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 454 (Fla. 1992)).  If the legislature intended for the dismissal provisions of section 194.171 to apply to taxes assessed in the year in which the action was brought or to taxes assessed in all the years after the year being challenged, it could have clearly said so.  To construe the clear language of the statute as the trial court did would impermissibly usurp the power of the legislature.  See Overstreet v. State, 629 So. 2d 125, 126 (Fla. 1993); Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984).

Accordingly, we reverse the order dismissing Forest Brooke's complaint and remand for further proceedings.

NORTHCUTT and BLACK, JJ., Concur.