# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3365

_____

DAN SOWELL, as Property
Appraiser of Bay County,
Florida,

      Petitioner,

      v.

FAITH CHRISTIAN FAMILY
CHURCH OF PANAMA CITY
BEACH, INC.,

      Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

July 25, 2018

PER CURIAM.

This is a petition for writ of prohibition seeking review of the circuit court's denial of Petitioner's motion to dismiss an amended complaint challenging the denial of an ad valorem tax exemption for three pieces of property owned by the Respondent, a church, for the 2015 and 2016 tax years. For the reasons explained below, we grant the petition and order that the challenge to the 2015 and 2016 tax years be dismissed.

The Respondent, Faith Christian Family Church of Panama City Beach, Inc. ("Faith Christian"), filed suit on November 30, 2015, challenging the property appraiser's denial of an ad valorem tax exemption for the 2015 tax year and raising a civil rights claim pursuant to 42 U.S.C. § 1983 ("Section 1983"). The Section 1983 claim was later dismissed. Faith Christian filed an amended complaint on April 17, 2017,[*] challenging ad valorem denials for 2015, 2016, and 2017, and adding a claim for slander and a restated Section 1983 claim. The property appraiser filed a motion to dismiss, and the circuit court granted the motion as to counts two and three of the amended complaint (the slander and Section 1983 claims), but denied the motion as to count one (the claim for declaratory and injunctive relief as to the denial of the ad valorem exemption for 2015 and 2016).

The property appraiser argues the trial court lacks subject matter jurisdiction to consider the challenge to the 2015 and 2016 years pursuant to section 194.171, Florida Statutes, because Faith Christian failed to pay the taxes due and owing for the 2016 tax year prior to delinquency. Section 194.171 provides in relevant part:

> (5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.

---

[*] Faith Christian's amended complaint was filed in the circuit court on January 13, 2017. At a hearing on April 17, 2017, Faith Christian made an *ore tenus* motion for leave to file an amended complaint. The court granted the motion at that hearing. An amended complaint is "deemed filed as of the date the motion for leave to amend was filed." *Russ v. Williams*, 159 So. 3d 408, 409 n.1 (Fla. 1st DCA 2015) (*citing Rayner v. Aircraft Spruce–Advantage, Inc.*, 38 So. 3d 817, 819 (Fla. 5th DCA 2010)). Thus, we deem the amended complaint to have been filed on April 17, 2017.

(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

§§ 194.171(5), (6), Fla. Stat. (2016). Prohibition is an appropriate vehicle for review of the denial of a motion to dismiss which raises a claim that a trial court lost subject matter jurisdiction over a tax challenge pursuant to subsections 194.171(5) and (6). *See Nikolits v. Hanna*, 92 So. 3d 299 (Fla. 4th DCA 2012); *Higgs v. Armada Key West Ltd. Partnership*, 903 So. 2d 303 (Fla. 3d DCA 2005); *Markham v. Hinckley*, 544 So. 2d 1139 (Fla. 4th DCA 1989).

As of May 11, 2017, Faith Christian had not paid the taxes due and owing on the subject property, and the taxes on those parcels became delinquent by operation of law on April 1, 2017, pursuant to section 197.333, Florida Statutes (2016). Taxes become "delinquent on April 1 following the year in which they are assessed or immediately after 60 days have expired from the mailing of the original tax notice, whichever is later." § 197.333, Fla. Stat. (2016); *see also* Fla. Admin. Code R. 12D-13.004(1) (2016).

When Faith Christian's 2016 taxes became delinquent by operation of law, the trial court lost subject matter jurisdiction over Faith Christian's challenge to not only the 2016 tax year, but also the 2015 tax year. "[I]f a challenge to the assessment is attempted, that challenge will not relieve the challenger of the obligation to pay successive years' taxes." *Bystrom v. Diaz*, 514 So. 2d 1072, 1074 (Fla. 1987) (*quoting Marshall v. Perkins*, 494 So. 2d 506, 507 (Fla. 2d DCA 1986)); *see also Washington Square Corp. v. Wright*, 687 So. 2d 1374 (Fla. 1st DCA 1997); *Wilkinson v. Clarke*, 91 So. 3d 897 (Fla. 2d DCA 2012); *Nikolits*, 92 So. 3d at 299; *Higgs*, 903 So. 2d at 305. As the Florida Supreme Court has observed:

Although subsections 194.171(5) and (6) appear to be somewhat harsh, their meaning is clear. Subsection 194.171(5) plainly states that a taxpayer may not

3

maintain a suit contesting a tax assessment, an action "shall be dismissed, unless all taxes on a property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent." Subsection (6) expressly declares that these requirements are jurisdictional and that "[a] court shall lose jurisdiction of the case when the taxpayer has failed to comply with the requirements of subsection (5)." The statute does not allow a court to retain jurisdiction once taxes become delinquent.

*Bystrom*, 514 So. 2d at 1074-75.

Section 194.171(2), Florida Statutes, requires a taxpayer to contest a tax assessment within "60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323." Faith Christian did not file a petition for the 2016 tax year with the Value Adjustment Board, and the 2016 tax year roll was certified on October 5, 2016. Accordingly, the statutory deadline for a challenge to the 2016 tax year assessment was December 4, 2016. Faith Christian did not file its amended complaint until April 17, 2017, 194 days after the 2016 tax roll was certified for collection.

Faith Christian argues that its April 2017 amended complaint was timely because it related back to the 2015 original complaint. We do not find this argument to be persuasive; "[e]ven if treated as relating back, the amended pleading did not and could not assert the crucial fact that the [2016] taxes were paid *before* they became delinquent as required by section 194.171(5)." *Bystrom*, 514 So. 2d at 1074 (emphasis in original). Although it is possible for an amended complaint to relate back to the original complaint for purposes of the sixty-day jurisdictional time frame set forth in section 194.171(2), this is generally limited to situations in which the taxpayer makes a payment *before* the taxes become delinquent and files an amended

4

complaint so reflecting. *See, e.g., Cowart v. Perkins*, 445 So. 2d 654 (Fla. 2d DCA 1984).

Here, Faith Christian did not pay the 2016 taxes before they became delinquent, and it did not timely challenge the 2016 tax assessment. The lack of payment or a timely challenge prior to delinquency resulted in the lower tribunal's loss of subject matter jurisdiction. "[I]t is well established that a challenge concerning entitlement to a tax exemption is a challenge to an assessment of taxes, for purposes of section 194.171." *Nikolits*, 92 So. 3d at 301. "A timely challenge is therefore necessary to satisfy the jurisdictional requirement of that section." *Nikolits v. Ballinger*, 736 So. 2d 1253, 1255 (Fla. 4th DCA 1999).

The petition for writ of prohibition is granted. In accordance with section 194.171, Florida Statutes, the lower tribunal is directed to dismiss the Respondent's challenge to the 2015 and 2016 tax years.

PETITION GRANTED.

LEWIS, BILBREY, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Loren E. Levy of The Levy Law Firm, Tallahassee, for Petitioner.

William E. Corley, III, Panama City Beach, for Respondent.

5